UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDWARDO M. LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-80 |
| | § | |
| KANE BEEF PROCESSORS, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER COMPELLING ARBITRATION AND STAYING PROCEEDINGS

Plaintiff Edwardo M. Lopez (Lopez) filed this action against his employer, Defendant Kane Beef Processors, L.L.C., alleging violations of the Family and Medical Leave Act of 1993 (FMLA). Before the Court is Defendant's Motion to Compel Arbitration and Stay Lawsuit Pending Arbitration (D.E. 7). Lopez responded (D.E. 9) and Defendant replied with additional evidence (D.E. 10), prompting Lopez to file his sur-response (D.E. 11). For the reasons set out below, the Court GRANTS the motion.

### DISCUSSION

A motion to compel arbitration requires the Court to consider two questions: (1) whether there is a valid agreement to arbitrate between the parties according to state contract law; and (2) whether the claim falls within the scope of the arbitration agreement. *E.g. Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). Defendant has produced a Mutual Agreement to Arbitrate (D.E. 7-1), bearing Lopez's signature. Lopez does not deny having entered into this agreement. The agreement covers all disputes related to Lopez's employment, expressly including claims

under the FMLA. There is no question that this claim falls within the scope of the agreement.

Nonetheless, Lopez contends that he made the agreement with Sam Kane Beef Processors, LLC, not Defendant Kane Beef Processors, LLC. He asserts that they are two different legal entities and that Defendant has admitted as much in its answer (D.E. 6). The answer reads:

> Defendant admits that Kane Beef Processors, L.L.C., purchased and/or assumed ownership of Sam Kane Beef Processors, L.L.C., in late 2015 or early 2016, and further admits that Sam Kane Beef Processors, L.L.C., was purchased by Alfredo Fernandez and sons, Alfred Fernandez, Carlos Fernandez and Manuel Fernandez, known as the Fernandez group.

D.E. 6, ¶ 6. This admission is less than clear, but its substance is supplemented and clarified by the affidavit of Chuck Jackson, reciting:

> Sam Kane Beef Processors, L.L.C. is an active entity being operated as Kane Beef Processors, L.L.C. Sam Kane Beef Processors, L.L.C. never went through a windup process. Kane Beef Processors, L.L.C. is a d/b/a of Sam Kane Beef Processors, L.L.C. Kane Beef Processors, L.L.C. is not a new corporate entity but rather it is an assumed name of Sam Kane Beef Processors, L.L.C.

D.E. 10-2. Contrary to Lopez's assertion, Defendant has not admitted that it is a legal entity separate and apart from Sam Kane Beef Processors, L.L.C.

Lopez has offered no evidence of his own to establish that there are separate corporate entities behind the two names. "[T]here is a strong presumption in favor of arbitration and a party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity." *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 297

(5th Cir. 2004). Lopez merely suggests, without citation of authority, that one limited liability company cannot do business in a limited liability company name other than its own. He has not demonstrated that Defendant is a separate entity from the employer with whom he agreed to arbitrate disputes.

At any rate, by signing the agreement, Lopez agreed that the arbitrator would make any decision in that regard. "It is the intent of the parties hereto that all disputes between them must be arbitrated expressly including, but not limited to, any dispute about the interpretation, validity or enforcement of this Agreement . . . ." D.E. 7-1, p. 1. This is clear and unmistakable evidence that Lopez agreed to arbitrate arbitrability. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Therefore, any challenge to Defendant's right to claim the benefits of the agreement must be referred to arbitration.

## CONCLUSION

For the reasons set out above, the Court GRANTS Defendant's motion to compel arbitration (D.E. 7) and ORDERS the parties to submit their dispute(s) to an arbitrator. The Court further ORDERS that this matter is STAYED pending arbitration. The parties are further ORDERED to file with this Court status reports on November 1, 2018, and every six months thereafter, stating whether the arbitration is in progress and whether the claim has been resolved and this action may be dismissed.

ORDERED this 4th day of June, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE